Peelle, J.,
delivered the opinion of the court:
This action is to recover compensation for mail-messenger service for carrying the mails between the post-office at Cen-terville and the depot at Relay, in Appanoose County, Iowa, from August 15,1889, to August 26, 1895.
The claimant was designated by the Second Assistant Postmaster-General as a mail messenger to carry the mails, as often as required, on mail-messenger route No. 92040, between the post-office at Centerville and the Wabash depot at that place, for $375 per annum, payable quarterly, from February 12, 1885.
At that time the mails were being transported to and from the Wabash depot, among others, by the Wabash, St. Louis and Pacific Railway, and also by the Albia and Centerville Railway, which latter road was then, and thereafter until August, 1889, operated as part of the Wabash system.
But prior to the month of August, 1889, the Albia and Cen-terville Railway ceased to be operated by the Wabash, St. Louis and Pacific Railway, and they erected a depot of their own at Relay, about 1 mile from the limits of Centerville, in an opposite direction from the post-office,' though nearer thereto, than was the Wabash depot. *
Thereafter, beginning August 15,1889, the claimant, without other authority from the Post-Office Department therefor, but with the knowledge of the postmaster at Centerville, in addition to the designated service aforesaid, began to carry the mails to and from the depot at Relay and the post-office at Centerville, and continued so to do without protest and without expectation of payment therefor, other than the $375 per annum aforesaid, until August 26,1895.
The defendants had no notice, other than by the postmaster at Centerville, that the service was being performed. Nor did the claimant ever present to the defendants a claim for the service so rendered by him, or otherwise demand compensation therefor, until after the service had been fully performed..
The claimant contends that he is entitled to recover for the value of the service so rendered as upon an implied contract, which he contends arose by reason of the knowledge of the postmaster at Centerville that the service was being performed and his reports to the Department, in relation thereto, and the defendants receiving the benefits of the service.
*10 The defendants contend that no implied contract can arise by reason of the knowledge or action of the postmaster; and furthermore, that the services having been performed without authority from the Post-Office Department and without expectation of payment therefor, no recovery can be had, and certainly not for the service performed more than six years prior to the filing of the petition therein.
While the claimant may have performed the service under the belief that it was not his duty to do so by reason of his prior designation as a mail messenger to carry the mails to and from the Wabash depot, still he did so without protest or objection, and without authority from or notice to the Post-Office Department in respect thereof, until after the completion of the service.
Notice to the postmaster that the service was being performed can not be imputed as notice to the Post-Office Department, for the reason that a postmaster has no power or authority to contract in respect of mail-messenger service. Nor is he the agent of the Government to direct such service, as he is, within the limits of their duties, of letter carriers, who are his subordinates. {Pitcher's Case, 1 O. Ols. B., 7,11 ; Ford’s Case, 17 0. Cls. B., 60, 76; Legare’s *Case, 24 O. Cls. B., 513, 516; 32 C. Cls. B., 417.)
It follows that the Government can only be bound by the acts of its authorized agents, and, too, within the limits of their respective duties. {Smith’s Case, 33 O. Cls. B., 295,309; Roberts et al., Trustees, v. The United States, 92 U. S. B., 41, 48.)
Hence, it is the duty of persons dealing with public officers to inquire as to their power and authority to bind the Government. {Sume v. United States, 132 U. S. B., 406.)
It is true that the Government received the benefit of the service rendered by the claimant, and if the same had been performed under circumstances indicating a purpose on the part of the claimant to seek compensation therefor the court-might be authorized to imply a contract therefor and permit a recovery for the quantum meruit.
Section 740 of the Postal Laws and Begulations require postmasters at the end of each quarter to make to the Second Assistant Postmaster-General reports of the mail-messenger service at their respective post-offices, including in such reports “all temporary service,” and “giving legibly the name of the *11 post-office, number of route, name of mail messenger, number of trips a week required, annual pay, distance, name of railroad or steamboat line between wkicb and tbe post-office tbe route is established, and tbe dates, inclusive, on and between wbicb tbe service is performed,” etc. Tbe reports made thereunder prior to October 1,1891, are not before tbe court, and we are not advised as to the contents thereof, other than may be presumed from tbe requirement of tbe regulation.
Tbe reports, however, beginning with October 1,1891, are before tbe court, and while they show service performed between tbe post-office and tbe several trains entering Center-ville, with varying distances therefrom, we think such reports insufficient to charge tbe Department, or tbe proper officer thereof, with notice of such service.
Tbe service was begun by tbe claimant without tbe authority or knowledge of tbe Department, and even if tbe contents of tbe reports thereafter made were sufficient to charge tbe Department with notice that tbe service was being performed and that tbe claimant thereby bad acquired a right to compensation therefor, be must be held to have waived such right by reason of not having demanded payment therefor until after tbe service, covering a period of more than six years, bad been fully performed; and such is tbe effect of the decision in tbe Eastern Railroad Company v. United States (129 U. S. R., 391) affirming tbe judgment of this court (20 C. Ols. R., 23).
Had notice been given tbe Department, it would doubtless have terminated the service and readvertised for sealed proposals for its performance. At all events, bad notice been given tbe responsibility thereafter would have rested with tbe Department.
It is not improbable that tbe claimant’s refraining from giving notice that be was performing tbe service and from demanding payment therefor until after its completion was through fear of being subjected, not only .to a readvertisement for letting tbe service, but to a reduction in bis pay for carrying tbe mails to and from tbe Wabasli depot.
By his silence, therefore, be construed bis own action, and thereby made known bis real intention, and be can not now be beard to gainsay or deny it. Gregg v. Von Phul (1 Wall., 274, 281) and other authorities cited in AVoorWs Case (8 C. Ols. R., 364, 369).
*12 In tbe Central Paeifie Pailroad Company’s Case (28 C. Cls. R.., 427, 438), concerning tbe conveyance of inspectors of tbe Post-Office Department in connection with tbe transportation of tbe mails, where tbe regulation required railroad companies “to convey free of charge all duly accredited special agents of tbe Department,” and where no notice bad been given of tbe claimants’ intention to charge therefor, this court denied tbe right of recovery on tbe ground that if tbe claimants bad intended to claim compensation therefor notice of such intention should have been given with reasonable diligence.
On appeal that case was affirmed (164 U. S. R., 93, 97), and in reference thereto tbe court said:
“The company was informed by the contents of tbe commission that tbe right of transportation was claimed, and when it was accorded pursuant to the claim and no demand made for payment, at tbe time, or for years thereafter, until the commencement of this suit, such acquiescence amounts to a clear and conclusive waiver on the part of the company of any right tn now demand such payment.”
In tbe Goode Case (25 C. Cls. R., 261), where a paymaster’s yeoman in tbe Navy was appointed with the understanding that be should render service as recorder in tbe Coast Survey without additional compensation, tbe court, in substance, held that where an officer voluntarily renders additional service without making any demand for extra compensation and upon tbe implied condition that be will not charge for it, be is estopped from doing so. This was upon tbe theory that tbe claimant in that case was not compelled to render tbe service to tbe Survey, and that if be did do so without objection be was estopped by bis own act from recovering extra compensation therefor.
In tbe case of the Evansville and Indianapolis Railroad Company (32 C. Cls. B., 555, 565), where tbe company contracted to carry tbe mails at' a fixed compensation, subject to future orders, and thereafter many miles of additional railroad are constructed and tbe service extended over it and the compensation therefor fixed at a higher rate, based on tbe weight of mail over tbe whole line, and no demand made for tbe higher rate being extended to tbe old portion, this court said:
“Tbe failure of the company to protest because tbe order of readjustment, after tbe weighing as aforesaid, was not made to apply to tbe compensation between Evansville and Wash *13 ington, and-no demand having been made therefor, it must be held that the company not only assented to the rate as originally ñxed for carrying the mails between Evansville and Washington, but assented to a continuance of such rate during the term of its contract, thereby construing its own action as favorable to the rate fixed.”
From the authorities cited it must be apparent that by reason of the claimant’s silence, when he should have-spoken, he can not now be heard to speak in denial of his action.
The petition is therefore dismissed.